IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA

Fill in this information to identify your case:

Debtor 1 _LaTasha Rena Huff_

Debtor 2 _____
(Spouse, if filing)

Case number _19-10107_

☐ Check if this is an amended plan

## CHAPTER 13 PLAN AND MOTION

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1. Notices. Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items.
If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

   (a) This plan: ☑ contains nonstandard provisions. See paragraph 15 below.
   [ ] does not contain nonstandard provisions.

   (b) This plan: [ ] values the claim(s) that secures collateral. See paragraph 4(f) below.
   ☑ does not value claim(s) that secures collateral.

   (c) This plan: [ ] seeks to avoid a lien or security interest. See paragraph 8 below.
   ☑ does not seek to avoid a lien or security interest.

2. **Plan Payments.**
   (a) The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of $21,660.00 for the applicable commitment period of:

   ☑ 60 months; or

   [] a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

   (If applicable, include the following: These plan payments will change to $ ___ monthly on ____.)

   (b) The payments under paragraph 2(a) shall be paid:
   ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:
   ☐ Debtor 1 _100_% [] Debter 2 ___%
   ☐ Direct to the Trustee for the following reason(s):
   ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
   ☐ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
   _____.

   (c) Additional Payments of $___ (estimated amount) will be made on _____ (anticipated date)

from _____ (source, including income tax refunds).

3. **Long-Term Debt Payments.**

(a) Maintenance of Current Installment Payments. The Debtor(s) will make monthly payments in the manner specified as follows on the following long-term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO BE MADE BY (TRUSTEE OF DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| -None- | | | | | |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -None- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a) **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b) **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $4,500.00.

(c) **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of
the plan as funds become available in the order specified by law.

(d) **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Peach State Federal Credit Union | 2010 Chevrolet Camaro | $8,789.00 | 6.00% | $146.48 |
| Peach State Credit Union | 2004 Lincoln Navigator | $1,073.00 | 6.00% | $17.88 |

(e) **Secured Claims Excluded from 11 U.S.C. § 506** (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)). The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -None- | | | | |

(f) **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C. § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to

paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|

-None-

(g) **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at ___ % per annum or ☐ without interest:

(h) **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a 25.00% dividend or a pro rata share of $5,380.24, whichever is greater.

5. **Executory Contracts.**

   (a) Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUME/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OF DEBTOR(S) |
|---|---|---|---|---|

-None-

   (b) Treatment of Arrearages. Prepetition arrearage claims will be paid in full through disbursement by the Trustee.

| CREDITOR | Estimated arrearage |
|---|---|

-None-

6. **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☐ To the Trustee.

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|

7. **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|

-None-

8. **Lease Avoidance.** Pursuant to 11 U.S.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| Roosen Varchetti Olivia | Garnishment | Income |

9. **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay

under 11 U.S.C. § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously-filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| Chrysler Capital | 2016 Traverse | $0.00 |

10.     **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11.     **Amounts of Claims and Claim Objection s.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure, objections to claims may be filed before or after confirmation.

12.     **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes, after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13.     **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed. R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14.     **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15.     **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard
provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in
this plan are void.

All student loans will be deferred until end of commitment period. UPON GRANT OF DISCHARGE IN THIS CASE, ALL SECURED CREDITORS BEING PAID THROUGH THE PLAN SHALL PROMPTLY RELEASE ALL COLLATERAL HELD AS SECURITY ON LOANS, AND SHALL PROMPTLY RELEASE AND/OR SATISFY ALL SECURITY DEEDS, SECURITY AGREEMENTS, UCC FILINGS, JUDGMENT LIENS, TITLES, AND/OR ANY OTHER LIEN CLAIM OF ANY KIND AGAINST PROPERTY OF THE DEBTOR. THIS PARAGRAPH SHALL IN NO WAY APPLY TO MORTGAGES AND/OR OTHER SECURED DEBTS THAT ARE NOT PAID THROUGH THE CHAPTER 13 PLAN.

---

**By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.**

Date: 01/28/2019

/s/ LaTasha Rena Huff
Debtor 1


Debtor 2

/s/ Bowen Klosinski
Attorney for the Debtor(s)

GASB – Form 113 [Rev. 12/1/17]

IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF GEORGIA

IN RE: )
) CHAPTER 13
LATASHA HUFF, ) CASE NO. 19-10107
      Debtor. )

## CERTIFICATE OF SERVICE

This is to certify that on the date below, I served a copy of the foregoing Chapter 13 Plan upon the parties below electronically:

Huon Le
P.O. Box 2127
Augusta, GA 30903

Office of the U.S, Trustee
Johnson Square Business Center
2 East Bryan Street, Suite 725
Savannah GA 31401

This is to certify that on the date below, I served a copy of the foregoing Chapter 13 Plan and upon the parties below via USPS mail:

See Attached Mailing Matrix

This 28th day of January, 2019.

                                    /s/ Bowen A. Klosinski
                                    Bowen A. Klosinski

KLOSINSKI OVERSTREET, LLP
1229 Augusta West Parkway
Augusta, GA 30909
706-863-2255

```
Label Matrix for local noticing          Aes/Esa                                  Augusta Collection Agc
113J-1                                   Po Box 61047                             2600 Wrightsboro Rd
Case 19-10107-SDB                        Harrisburg, PA 17106-1047                Augusta, GA 30904-5343
Southern District of Georgia
Augusta
Mon Jan 28 15:15:12 EST 2019

Chrysler Capital                         Collection Receivables                   Fed Loan Serv
Po Box 961275                            1835 Central Ave                         Po Box 60610
Fort Worth, TX 76161-0275                Augusta, GA 30904-5734                   Harrisburg, PA 17106-0610


LaTasha Rena Huff                        Bowen Anderson Klosinski                 Lanier Collection Agency & Services, Inc
3522 Jamaica Drive                       Klosinski Overstreet                     P.O. Box 15519
Augusta, GA 30909-2616                   1229 Augusta West Parkway                Savannah, GA 31416-2219
                                         Augusta, GA 30909-1807


Huon Le                                  Motor Matt's                             National Collegiate Trust
P.O. Box 2127                            2425 North Expressway                    1200 North 7th Street
Augusta, GA 30903-2127                   Griffin, GA 30223-6411                   Harrisburg, PA 17102-1419


Navient                                  Navient                                  Office of the U. S. Trustee
123 S Justison St                        Po Box 9655                              Johnson Square Business Center
Wilmington, DE 19801-5360                Wilkes Barre, PA 18773-9655              2 East Bryan Street, Ste 725
                                                                                  Savannah, GA 31401-2638


Peach State Credit Union                 Peach State Fcu                          Peach State Federal Credit Union
2100 Riverside Parkway Suite 101         1505 Lakes Pkwy Ste 100                  1505 Lakes Parkway
Lawrenceville, GA 30043-5914             Lawrenceville, GA 30043-5883             Suite 100
                                                                                  Lawrenceville, GA 30043-5883


Peach State Federal Credit Union         Pinnacle Credit Services                 Roosen Varchetti Olivia
2100 Riverside Parkway Suite 101         PO Box 10497                             1950 N. Park Place
Lawrenceville, GA 30043-5914             Greenville, SC 29603-0497                Suite 600
                                                                                  Atlanta, GA 30339-2074


Service loan                             Tbom/Milestone                           Transworld Systems I
223 James Brown Blvd                     Po Box 4499                              Po Box 15943
Augusta, GA 30901-2245                   Beaverton, OR 97076-4499                 Wilmington, DE 19850-5943


(p)UNIVERSITY HEALTH SERVICES  INC       Verizon Wireless                         Wells Fargo Bank
ATTN COLLECTIONS DIVISION                Po Box 650051                            Po Box 14517
620 THIRTEENTH ST                        Dallas, TX 75265-0051                    Des Moines, IA 50306-3517
AUGUSTA GA 30901-1008
```

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

University Health Care System
Collections Division
620 13th Street
Augusta, GA 30901-1008

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Augusta Collections Agency        (d)Collection Receivables          (u)Navient
                                     1835 Central Avenue
                                     Augusta, GA 30904-5734

(d)Navient                           (u)Service Loan                    (u)World Fin
Po Box 9655
Wilkes Barre, PA 18773-9655

End of Label Matrix
Mailable recipients    26
Bypassed recipients     6
Total                  32